UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE BROWNE,

     Plaintiff,

v.                          Case No.:  6:21-cv-1866-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Danielle Browne seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

**B.     Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance on January 24, 2019, alleging disability beginning on November 11, 2018. (Tr. 58, 148-49). The applications were denied initially and on reconsideration. (Tr. 58, 71). Plaintiff requested a hearing, and on October 15, 2020, a hearing was held before

Administrative Law Judge Angela Neel ("ALJ"). (Tr. 38-57). On February 2, 2021, the ALJ entered a decision finding Plaintiff not under a disability from November 11, 2018, through the date of the decision. (Tr. 20-33).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on September 7, 2021. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on November 8, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 22).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 22). At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity since November 11, 2018, the alleged onset date. (Tr. 22). The ALJ found Plaintiff continued to work full time at the Department of Homeland Security until May 17, 2019. (Tr. 22-23). Based on this finding, the ALJ concluded that Plaintiff was precluded from a finding of disability from January 1, 2019 to May 31, 2019. (Tr. 23). The ALJ also found that there was no indication that Plaintiff had worked at substantial gainful levels since May 31, 2019. (Tr. 23). Therefore, the ALJ proceeded with the sequential evaluation process to determine whether Plaintiff was disabled during the remaining period at issue.

At step two, the ALJ found that Plaintiff had the following severe impairments: "obesity; degenerative joint disease of the right knee; and degenerative joint disease of the right foot with exostosis, status-post surgery." (Tr. 23). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except she is limited to no climbing ladders, ropes, and scaffolds. However, the claimant can occasionally climb ramps and stairs. The claimant can further only occasionally crouch and crawl, but she can frequently balance, kneel, and stoop. There should be no work at unprotected heights and no operating a motor vehicle.

(Tr. 25).

At step four, the ALJ relied on the vocational expert's testimony to find Plaintiff was incapable of performing her past relevant work as a protective officer. (Tr. 31). At step five the ALJ considered Plaintiff's age (38 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, and found there were jobs that existed in significant numbers in the national

economy that Plaintiff could perform. (Tr. 32-33). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   addresser, DOT 209.587-010,[1]  sedentary, unskilled, SVP 2

(2)   bonder, semiconductor, DOT 726.685-066,sedentary, unskilled, SVP 2

(3)   order clerk, food and beverage, DOT 209.567-014, sedentary, unskilled, SVP 2

(Tr. 32). The ALJ concluded that Plaintiff had not been under a disability from November 11, 2018, through the date of the decision. (Tr. 33).

## II.   Analysis

On appeal, Plaintiff raises the issue of whether the ALJ mistakenly failed to credit Plaintiff's testimony and the medical evidence that required Plaintiff to elevate her leg based on right-foot swelling. (Doc. 25, p. 2). The Commissioner contends that the ALJ properly considered Plaintiff's subjective statements about her condition and substantial evidence supports the ALJ's findings. (Doc. 26, p. 6-7).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

---

[1]  DOT refers to the *Dictionary of Occupational Titles*.

> alleged pain arising from that condition or (3) that the
> objectively determined medical condition is of such a severity
> that it can be reasonably expected to give rise to the alleged
> pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the

decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

Plaintiff limits her argument to her limitations associated with her right foot and the Court will do the same. At the hearing, Plaintiff testified that on a "regular day," she tried to elevate her leg for at least four to six hours to reduce swelling. (Tr. 50). On a day when her foot, ankle, and toes were "completely swollen," she testified she had to lay down, elevate her foot above her heart, and take pain medication. (T. 50). The consequences of not elevating her foot, according to Plaintiff, were that "the swelling gets so bad where my foot starts to turn black and blue." (Tr. 51).

In the decision, the ALJ summarized Plaintiff's subjective complaints related to her right foot:

> The claimant stated that her right foot was frequently swollen and she required use of crutches and a medical boot. The claimant explained she is unable to continue working because she cannot stand more than ten minutes due to her swollen foot. The claimant also indicated that she is unable to sit for prolonged periods because her foot becomes numb and swollen (See Exhibit 4E).

(Tr. 26). The ALJ then thoroughly summarized the medical evidence. (Tr. 26-28). After the summary of medical evidence, the ALJ made these general findings on Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms;

> however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 28). The ALJ then specifically addressed Plaintiff's subjective complaints that she alleges were disabling:

> The claimant alleges her symptoms are disabling. Although some limitations were demonstrated, the overall objective medical records demonstrate symptom presentation is inconsistent with the medical results and findings. . . . The x-ray of the right foot showed mild diffuse degenerative changes without acute fractures (Exhibit 3F/3). . . . Post-surgery of the right foot, Dr. Bornstein continually observed the claimant was doing well without complications, including incision site healing well. The surgery site also repeatedly only exhibited edema at mild to moderate levels. Furthermore, Dr. Bornstein frequently observed there was normal muscle and motor function without signs of pain in the calf or sensory deficits. There is only one documented observation that range of motion was limited in the right foot and ankle with a limping antalgic gait. The claimant also repeatedly denied any physical problems, including calf pain (Exhibits 5F, 7F).

(Tr. 28). The ALJ then discussed other evidence of record in support of a finding that Plaintiff was not disabled:

> As discussed in detail above, the claimant testified she continued working full-time until May 17, 2019, attempted to start a promotions company, and even applied for unemployment, which both strongly infer she is capable of working (Testimony, Exhibits 4D-9D, 5F). The claimant testified that her employer did not accommodate her for light duty work. However, in addition to continuing to work past the alleged onset date, the claimant's alleged onset date coincides with the birth of her child. In fact, the claimant testified that she cares for two children, ages two and five. The claimant testified that she lives with her significant other who works

full-time, and therefore, she is home alone during the day caring for her child. The claimant testified that she is able to shower independently and perform light household chores, and is able to drive for short periods. These activities are inconsistent with one who is entirely disabled.

(Tr. 29).

The ALJ also notes that there were treatment gaps that suggest Plaintiff is not disabled. (Tr. 29). Plaintiff was treated in 2016 and there were no further records for treatment of bodily pain until April 2017 with podiatrist Mark D. Bornstein, D.P.M. The next visit to Dr. Bornstein was not until July 2019, over a two-year gap. (Tr. 29). The ALJ recognized that Plaintiff briefly required a cane and crutches after right-foot surgery in July 2019, but found they were unnecessary as of the date of the decision. (Tr. 29). The ALJ explained that after surgery, "Dr. Bornstein repeatedly observed the surgery site exhibited edema at mild to moderate levels," and found normal muscle and motor function. (Tr. 30). The ALJ acknowledged that chiropractor Anthony Harris, D.C. found tenderness with edema in the right foot and consultative examiner Alex C. Perdomo, M.D. observed tenderness with edema in the right foot. (Tr. 30). Based on these limitations, the ALJ found the record supports a reduced RFC. (Tr. 30). In the RFC, the ALJ limited Plaintiff to sedentary work, with limitations of: no climbing ladders, ropes, and scaffolds; occasionally climbing ramps and stairs; occasionally crouching and crawling; frequently balancing, kneeling, and stooping; and no working at unprotected heights and no operating a

motor vehicle. (Tr. 25). Thus, the ALJ clearly considered the medical records as a whole and articulated clear and specific reasons to find Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical and other evidence of record.

In support of her claim, Plaintiff cites a January 28, 2020 opinion by Dr. Bornstein in which he found Plaintiff had permanent nerve damage in her right foot and he found Plaintiff will never be able to return to work. (Doc. 25, p. 3).[2] While Dr. Bornstein did make these findings, the ALJ found Dr. Bornstein's post-surgery opinions unpersuasive because they were unsupported. The ALJ noted that post surgery, Dr. Bornstein observed Plaintiff was doing well without complications, the incision site was healing well, her edema was at mild to moderate levels, and her muscle and motor functions were at normal levels. (Tr. 30). The ALJ also correctly determined Dr. Bornstein's opinion that Plaintiff cannot return to work is outside of Dr. Bornstein's expertise and is a matter reserved to the Commissioner. (Tr. 31); *see Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (finding that a statement that a claimant cannot work is

---

[2] Plaintiff does not raise the issue that the ALJ erred in finding Dr. Bornstein's opinion unpersuasive and cites no authority on this issue. Therefore, it is waived. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived issue because he did not elaborate on claim or provide citation to authority on claim); *Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022).

"'inherently neither valuable nor persuasive," and is a matter reserved to the Commissioner) (citing 20 C.F.R. § 1520b(c)).

Plaintiff also cites a medical record from Robert Reppy, D.O. dated February 19, 2021. (Doc. 25, p. 3). But this record is dated after the ALJ's decision of February 2, 2021 and was not part of the record before the ALJ. Plaintiff then cites Dr. Perdomo's consultative examination where he found Plaintiff could lift no more than five to ten pounds and no repetitive bending, stooping, crouching, squatting, or kneeling, could sit for eight hours in a workday with normal breaks, and noted that Plaintiff was instructed to be non-weightbearing with crutches "for now." (Doc. 25, p. 3; Tr. 244). But Plaintiff simply cites Dr. Perdomo's findings and makes no argument as to them. Plus, Plaintiff does not cite medical records showing that she was directed by any medical professional to elevate her right leg for four to six hours a day.

Finally, Plaintiff argues that the hypothetical posed to the vocational expert did not include a limitation to elevate a leg for four to six hours a day at waist level, and if this limitation were included, it would preclude all employment. (Doc. 25, p. 3-4). At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). And an ALJ may obtain the testimony of a vocational expert to determine whether there are jobs

that exist in the national economy that a claimant can perform. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)). Here, the ALJ found Plaintiff's subjective statements not entirely consistent with the medical evidence and, thus, was not required to include such a limitation in the hypothetical to the vocational expert.

For these reasons, the ALJ's decision was supported by substantial evidence on the findings regarding Plaintiff's subjective statements and the medical evidence and the ALJ did not err in these findings.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties